ROBERT C. STICKNEY & another *vs.* WILLIAM EATON & others.

A drawer of bills of exchange which have been accepted for his accommodation by another person, for a commission, cannot create a debt against the acceptor by paying them; and the effect of the statute of limitations upon other dealings between the parties is not avoided, although both parties, for their own convenience, entered such acceptances and payments in their respective books under one general account with their other dealings.

CONTRACT. The declaration contained various counts on acceptances by the defendants of drafts drawn by the plaintiffs in 1854, and a count on an account annexed, the items of which were for the acceptances referred to, and three consignments of lumber by the plaintiffs to the defendants in 1854. The writ was dated October 30, 1860.

At the trial in the superior court, it appeared that the defendants were commission merchants, doing business in Boston until October 5, 1854, when they failed; and until that time they were in the habit of accepting drafts for the accommodation of the plaintiffs, who were merchants doing business in Calais, Maine, for which they were to receive 2½ per cent. commission, under an agreement by which the plaintiffs were to take up the drafts at maturity. No other business was transacted between the parties, except that the plaintiffs made three consignments of lumber to the defendants, the proceeds of which were received by the defendants prior to their failure, and credited to the plain-tiffs. Two of the acceptances matured and were taken up by the plaintiffs in November 1854. Both the plaintiffs and the defendants entered upon their books all these transactions under

one account, each acceptance being entered as an advancement by the defendants, and the payment of it by the plaintiffs as a payment to the defendants; and the defendants testified that they did this for convenience merely, and that the accommodation drafts had no connection with their other dealings with the plaintiffs.

*Allen,* C. J. instructed the jury that if the drafts paid by the plaintiffs in November were accepted by the defendants for the accommodation of the plaintiffs as stated, the payment of them by the plaintiffs would not constitute a ground of action accruing against the defendants at that time; and if these were distinct and separate transactions from the other dealings between the parties, and were entered in the general account in the books of the parties for convenience merely, as memoranda, the plaintiffs could not avoid the effect of the statute of limitations by declaring as for a balance due on account.

The jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*J. D. Ball,* for the plaintiffs.

*D. H. Mason,* for the defendants.

Hoar, J. An exception to the general statute of limitations provides that "in actions of contract brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in the account." Gen. Sts. *c.* 155, § 5. Rev. Sts. *c.* 120, § 5. All the items in the account current upon which the plaintiffs sue were due more than six years before the commencement of the action, except the two last; and the statute of limitations is therefore a defence to the suit, unless those items bring the account within the exception. Is either of these an item proved, within the meaning of the statute? They were acceptances by the defendants, made for the plaintiffs' accommodation only, and which the plaintiffs were bound to pay. The payment of them was therefore merely a payment by the plaintiffs of their own debt, and did not create any debt from the defendants. And although the acceptances had been previously entered to the plaintiffs' debit, so that the counter charge

was necessary to balance the account, this would not alter the case. As between the plaintiffs and the defendants, the acceptances, which the plaintiffs were to pay, would not constitute a debt. The defendants had no cause of action upon them, and could have had none, unless the plaintiffs had broken their contract by failing to take them up. The charge on either side was therefore obviously a mere memorandum, and not an item of legal debt or credit.

It was convenient to the parties to enter these transactions on the same account with their other dealings ; but this was nothing more than convenience of book-keeping, and the transaction did not result in the creation of an obligation on either party to pay anything to the other. In *Bass* v. *Bass*, 8 Pick. 187, cited by the plaintiffs, all the items were of actual indebtment.

*Exceptions overruled.*